UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

Case No: _____

DAVID GUNDLER,

    Plaintiff,

v.

T.E.S.S., LLC

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DAVID GUNDLER, by and through his undersigned counsel, sues the Defendant, T.E.S.S., LLC., and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and to remedy violations of the rights of MR. GUNDLER under the Americans with Disabilities Act of 1990, as amended, including the ADA Amendment Act of 2008 ("ADA") and the Florida Civil Rights Act of 1992, as amended ("Chapter 760" or "FCRA"), and to redress injuries done to him by the Defendant, TESS, LLC. ("Defendant").

2. The unlawful acts which gave rise to this Complaint occurred within Broward County, Florida during the Plaintiff's employment with Defendant, making venue proper in this District pursuant to 28 U.S.C. § 1391.

### PARTIES

3. At all times material hereto, Plaintiff has been a citizen and resident of Broward County, Florida and is otherwise *sui juris*.

4. At the relevant time, Plaintiff was a disabled man, and, as such, Plaintiff is a member of a protected class under the ADA and Chapter 760 because the terms, conditions, and privileges of his employment were altered because of his disability.

5. Defendant is not a government agency. At all times material hereto, Defendant was Plaintiff's employer as defined by law.

6. Defendant has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year.

7. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination against the Defendant with the Equal Employment Opportunity Commission, which was dually filed with the Florida Commission on Human Relations.

8. Plaintiff's charge was filed within 300 days after the first instance of discrimination occurred.

9. Plaintiff was issued a Notice of Right to Sue on July 21, 2021. This suit is filed in accordance with that Notice and within the applicable ninety (90) day limitation (a copy of the Notice is attached hereto as Exhibit "A").

10. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

11. After acquiring Plaintiff's prior employer, Defendant hired Plaintiff on January 11, 2019 as an electrician in the land division with a promise of a 40-hour work week. The Plaintiff worked for the Defendant until his unlawful termination on April 27, 2020.

12. As an electrician in the land division, Plaintiff's primary duties and responsibilities included electrical service, installs, and repairs.

13. Plaintiff was qualified for his position as an electrician based on his experience and training.

14. The Defendant was aware that the Plaintiff had a disability.

15. Prior to the Plaintiff's employment with Defendant, Plaintiff worked for All-Pro Electric, a predecessor to Defendant. While employed at All-Pro Electric, Plaintiff worked under the direct supervision of Mr. Tony Wilson, and Mr. Wilson was aware of the Plaintiff's disabilities. During the Plaintiff's employment with All-Pro Electric, the Plaintiff had a quadruple bypass in 2018 and Mr. Wilson were aware of the surgery. The Plaintiff suffered a stroke at the age of 14 as a result of a gunshot, leaving his entire right side paralyzed. To this day, he does not have right side motor coordination. In 1988, the Plaintiff suffered injuries in a car accident, requiring the removal of his spleen and the insertion of a titanium rod into his femur along and a screw into his right ankle. The Plaintiff has also been diagnosed with PTSD and is on multiple medications to this day. Mr. Wilson was aware of Plaintiff's disabilities.

16. After Defendant acquired All-Pro Electric, Defendant also hired Mr. Wilson and he remained in a supervisory position over Plaintiff.

17. During the onset of the Covid-19 global pandemic, Mr. Wilson told the Plaintiff that his last scheduled day of work would be March 13, 2020. Mr. Wilson also told the Plaintiff to stay home, not to file for unemployment, and that Mr. Wilson would be in touch soon. Because the land division was not considered an "essential business" under government orders allowing certain businesses to remain open, the Defendant ceased those operations. During the closure, the Defendant paid the employees 50% of their salary. The Plaintiff remained in regular communication with Mr. Wilson.

18. On Monday April 27, 2020, with operations still closed, Mr. Wilson called the Plaintiff and told him that Raphael, electrician in the land division, failed show up for work. Plaintiff was surprised because he was under the impression that no one was working and that there was not any scheduled work. The Plaintiff learned that Raphael was scheduled to help Sean, electrician in the land division, install outlets in Adrian's office. Adrian is the office manager for both the land and marine divisions. Mr. Wilson asked if the Plaintiff wanted to work. The Plaintiff reminded him that he was high risk due to his disability and he was concerned about returning to work due to possible exposure to Covid-19. The Plaintiff said that he did not feel safe returning, at least not until the governor lifted the stay-at-home orders. The Plaintiff further explained that because he has heart disease, he could die if he contracted Covid-19. The Plaintiff also told Mr. Wilson that he was concerned because no one in the marine division wore protective gear and the marine employees were still traveling in and out of the country for work. The Plaintiff could not risk coming into contact with employees in the marine division. Mr. Wilson responded that he understood.

19. After the call ended, the Plaintiff called Sean, master electrician and his supervisor, and asked him what was going on. Sean also was aware of the Plaintiff's medical conditions. Sean said, "the reason I did not call you to come into work is because I did not want you to be exposed." Sean was upset that he himself even had to work.

20. Mr. Wilson then called the Plaintiff back and said, "the shit just hit the fan with Adrian." Mr. Wilson said that Adrian wanted the van back and that the Plaintiff was to empty his tools. The Plaintiff asked if he was being fired. Mr. Wilson said he was not being fired but followed that up by saying that it was up to Adrian.

21. Later that day, the Plaintiff removed his tools from the company van. Mr. Wilson took the company van. He asked the Plaintiff for his company tablet and credit cards and told Plaintiff to call Adrian.

22. The Plaintiff called Adrian and asked if he was fired. Adrian said he wasn't happy with the new land division and asked the Plaintiff to come in. The Plaintiff reminded him of his health history and how afraid he was to be exposed to staff. Adrian asked if the Plaintiff could work the following day. The Plaintiff again said that his doctor told him he was high risk for significant impacts of contracting Covid-19. In response, Adrian told Plaintiff to look out for an email. At no point did Adrian or anyone else employed by Defendant provide any information regarding any policies implemented by Defendant with respect to protecting employees from contracting Covid-19 or otherwise engage in any interactive process to accommodate Plaintiff. Later that day, the Plaintiff received several emails from Adrian. The first email stated that the Plaintiff was being fired due to not being able to complete the job at hand. The second email said to disregard the first email. A third email said that he was being terminated for lack of work. By the third email, it had become clear, that the Defendant was trying to come up with an excuse to terminate the Plaintiff.

23. Plaintiff has engaged the undersigned attorney to prosecute his claims and is entitled to recover his attorney's fees from Defendant pursuant to statute.

**COUNT I: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 ("ADA")**
**(Discrimination on the Basis of Disability)**

24. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 23, inclusive, as though same were fully re-written here.

25. The ADA forbids discrimination based on disability; prohibiting discrimination in employment, public services, public accommodations, and telecommunications.

26. Plaintiff has a disability as that term is defined under the ADA, and, therefore, is a member of the protected class.

27. At all relevant and material times, Defendant failed to comply with the ADA, which states in relevant part: (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this chapter on behalf of individuals with disabilities; and (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

28. At all times relevant hereto, Defendant regarded Plaintiff as an individual with a disability and/or an individual with a record of having a disability.

29. At the time of the unlawful discrimination and failure to accommodate Plaintiff, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

30. Plaintiff was qualified for the position based on his experience and training.

31. Defendant is a large privately-owned business, and therefore a sophisticated employer who has actual knowledge of the requirements of the ADA, as amended.

32. The failure of Defendant to adhere to the mandates of the ADA was willful and its violations of the provisions of the ADA were willful.

33. The Defendant's demand that the Plaintiff return to work during the pandemic despite having knowledge of the Plaintiff's disability, demonstrates the Defendant's lack of adherence to its policy against discrimination and failure to comply with the law on disabilities and reasonable accommodations.

34. Despite the Plaintiff having a disability, Defendant, through its employees, demanded that the Plaintiff return to work.

35. Any allegedly nondiscriminatory reason for the Defendant's treatment of the Plaintiff is a mere pretext for the actual reasons for the discriminatory treatment towards the Plaintiff; inter alia Plaintiff's disability.

36. Upon information and belief, the Defendant violates the rights of disabled employees and refuses to accommodate them.

37. As a result of Defendant's violation, Plaintiff has suffered damages.

38. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to his reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests this Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including back pay, front pay, lost benefits, compensatory damages, injury to his professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendant's discriminatory treatment, and punitive damages in an amount to be determined at trial

and in accordance with the ADA; attorney's fees, costs, prejudgment and post judgment interest, and such other and further relief as this Court deems just and appropriate.

## COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Discrimination on the Basis of Disability)**

39. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 23, inclusive, as though same were fully re-written here, and says:

40. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

41. Plaintiff has a disability as that term is defined in the FCRA, and therefore, is a member of a protected class.

42. At all relevant and material times, Defendant failed to comply with the FCRA.

43. At all times relevant hereto, Defendant regarded Plaintiff as an individual with a disability and/or an individual with a record of having a disability.

44. At the time of the unlawful discrimination and failure to accommodate, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

45. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

46. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of his disability in violation of the FCRA.

47. The Defendant's demand that the Plaintiff return to work during the pandemic despite having knowledge of the Plaintiff's disability, demonstrates the Defendant's lack of adherence to its policy against discrimination and failure to comply with the law on disabilities and reasonable accommodations.

48. Despite the Plaintiff having a disability, Defendant, through its employees, demanded that the Plaintiff return to work.

49. Any allegedly nondiscriminatory reason for the Defendant's treatment of the Plaintiff is a mere pretext for the actual reasons for the discriminatory treatment towards the Plaintiff; inter alia Plaintiff's disability.

50. Upon information and belief, the Defendant violates the rights of disabled employees and refuses to accommodate them.

51. Any allegedly nondiscriminatory reason for the Defendant's treatment of the Plaintiff is a mere pretext for the actual reasons for the discriminatory treatment towards the Plaintiff; inter alia Plaintiff's disability.

52. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to his disability. The discrimination on the basis of disability constitutes unlawful discrimination.

53. As a result of Defendant's violation of the FCRA, Plaintiff has suffered damages.

54. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to his reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests this Court grant Plaintiff judgment against Defendant to compensate him for all past and future pecuniary losses, including back pay, front pay, lost benefits, compensatory damages, injury to his professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendant's discriminatory treatment, and punitive damages in an amount to be determined at trial and in accordance with the FCRA; attorney's fees, costs, prejudgment and post judgment interest, and such other and further relief as the Court deems just and appropriate.

### COUNT III: VIOLATION OF ADA
### (Retaliation)

55. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 23, inclusive, as though same were fully re-written here.

56. Plaintiff suffered from a disability as that term is defined under the ADA.

57. At all times relevant hereto, Defendant regarded Plaintiff as an individual with a disability and/or an individual with a record of having a disability.

58. Defendant is an employer as that term is defined under the ADA.

59. Plaintiff had the right to request a reasonable accommodation due to his disability.

60. When the Plaintiff engaged in the protected activity of requesting a reasonable accommodation due to his disability, the Defendant retaliated against the Plaintiff by terminating him.

61. As a result of Defendant's violation, Plaintiff has suffered damages.

62. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and

suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to his reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests this Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including back pay, front pay, lost benefits, compensatory damages, injury to his professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendant's discriminatory treatment, and punitive damages in an amount to be determined at trial and in accordance with the ADA; attorney's fees, costs, prejudgment and post judgment interest, and such other and further relief as this Court deems just and appropriate..

### COUNT IV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Retaliation)**

63. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 23 inclusive, as though same were fully re-written here.

64. Plaintiff had the right to object to request a reasonable accommodation due to his disability.

65. When the Plaintiff engaged in the protected activity of requesting a reasonable accommodation due to his disability, the Defendant retaliated against the Plaintiff by terminating him.

66. As a result of Defendant's actions, Plaintiff has suffered damages.

67. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA

WHEREFORE, Plaintiff hereby requests this Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including back pay, front pay,

lost benefits, compensatory damages, injury to his professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendant's discriminatory treatment, and punitive damages in an amount to be determined at trial and in accordance with the ADA; attorney's fees, costs, prejudgment and post judgment interest, and such other and further relief as this Court deems just and appropriate..

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 19th day of October, 2021

By:  /s/ *Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff